### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation**

**PLAINTIFFS**

v.

**CASE NO. 3:25-cv-454-CWR-ASH**

**Jesse T. Kline, an individual**

**DEFENDANT**

---

## COMPLAINT FOR PATENT INFRINGEMENT

### JURY TRIAL DEMANDED

---

This is an action for patent infringement in which ABC IP LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") accuse Jesse T. Kline ("Defendant"), of infringing U.S. Patent No. 12,038,247 ("the '247 Patent") as follows:

### PARTIES

1.     ABC is a limited liability company organized under the laws of the State of Delaware with an address at 8 The Green, Suite A, Dover, Delaware 19901.

2.     Rare Breed is a corporation organized under the laws of Texas with an address of 2710 Central Freeway, Suite 150-151, Wichita Falls, TX 76306.

3.     Upon information and belief, Jesse T. Kline is an individual who operates business as a sole proprietor from his residence at 643 April Sound, Pearl, MS 39208 in Rankin County.

4.     Upon information and belief, Defendant operates under the alias "Maserati Mike" and/or "Maserati Mikey."

COMPLAINT - 1 -

## JURISDICTION AND VENUE

5.    This is an action for patent infringement arising under 35 U.S.C. §§ 271(b) and (c), 281, and 284-85.

6.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338, which directs that United States District Courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents and pursuant to 28 U.S.C. § 1331, which pertains to civil actions arising under the laws of the United States.

7.    Personal jurisdiction and venue over Defendant is proper in this District because the Defendant resides in and/or has a place of business in this district.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1400. Defendant resides in this district and/or have a regular and established place of business in this District.

## BACKGROUND

9.    This lawsuit asserts contributory and induced infringement of U.S. Patent No. 12,038,247 ("the '247 Patent"). A true and correct copy of the '247 Patent is attached hereto as Exhibit A.

10.    The '247 Patent was lawfully and properly issued by the United States Patent and Trademark Office on July 16, 2024.The application from which the '247 Patent issued claimed a priority date of September 8, 2022.

11.    ABC is the current assignee and owner of all right, title and interest in and to the '247 Patent. This assignment has been recorded at the United States Patent and Trademark Office ("USPTO").

12.    Rare Breed is the exclusive licensee of the '247 Patent.

COMPLAINT - 2 -

13.    Upon information and belief, Defendant has committed acts of contributory and induced patent infringement, which will be described in more detail below, which are in violation of 35 U.S.C. § 271.

14.    Upon information and belief, Defendant knew of the '247 Patent and knew or should have known that his acts infringed the '247 Patent. As such, the infringement should be considered willful.

## The Invention

15.    The '247 Patent provides a novel device for accelerating the firing sequence of any semiautomatic firearm, in contrast to a standard semiautomatic trigger or other prior art devices that allow accelerated rate of semiautomatic firing. The device can be selected to operate in either a standard semiautomatic mode or a forced reset semiautomatic mode and uses a cam, rotated by cycling of the action, to force the trigger member to reset and prevent the trigger member from being pulled again until the action has returned to the in-battery position. While the '247 Patent may be adapted to many types of firearms, the '247 Patent shows one embodiment designed as a drop-in replacement particularly to fit AR15-pattern firearms. The scope of the claimed invention, however, is defined by the claims of the '247 Patent.

16.    A typical AR15-pattern firearm, for example, is considered a semiautomatic firearm. The operation of a standard disconnector AR-pattern trigger mechanism is commenced by the trigger member being pulled by the user. The trigger member releases the hammer from the trigger sear and allows the hammer to strike the firing pin. A portion of the propellant gas is used to begin the process of sending the bolt carrier to the rear of the firearm. The rearward movement of the bolt carrier cocks the hammer on the disconnector and then the bolt is allowed to return forward into battery with a new round inserted into the chamber. While this is happening, in the

standard AR-pattern semiautomatic trigger, the user can either continue to hold the trigger member in a pulled (i.e., fired) state or allow the trigger to return to its reset state, in which the sear, rather than the disconnector, engages and holds the hammer in a cocked position. When the user reduces pressure on the trigger member to allow the trigger spring to reset the trigger member, the disconnector releases the hammer to engage the trigger sear.

17.   In the standard AR-pattern trigger assembly, the purpose of the disconnector is to hold the hammer in a cocked position until the trigger member is reset by a trigger spring when the user lets the trigger reset. The disconnector allows the firearm to be fired only a single time when the trigger is pulled and held, because the user is not typically able to manually reset the trigger rapidly enough so that the sear engages before the bolt carrier or bolt returns to its in-battery position. The disconnector prevents the firearm from either firing multiple rounds on a single pull of the trigger, or from allowing the hammer to simply "follow" the bolt carrier as it returns to battery without firing a second round, leaving the hammer uncocked.

18.   In contrast. in a forced reset trigger mechanism, cycling of the bolt carrier or bolt causes the trigger member to be forced to the reset position and locks the trigger member in this position until the bolt or bolt carrier is back in battery, when it is safe for the user to pull the trigger again, without the need for a disconnector.

19.   The '247 Patent relates to a semiautomatic trigger mechanism that represents improvement on the above-described technologies because it has two modes of operation: one that operates as a standard disconnector trigger mechanism described above and another that allows the user to fire more rapidly by forcibly returning the trigger to the reset state.

20.   The '247 Patent invention teaches a forcible reset mode of the trigger by a cam while the bolt cycles to the rear and then returns forward to the in-battery position. The cam also

limits movement of the trigger member. The cam acts to prevent the trigger member from being pulled a second (or subsequent) time until the bolt carrier has returned to the in-battery position.

## The Infringing Devices

21.     On information and belief, Defendant has and is currently making, using, selling, and/or offering for sale a 3-Position "Super Safety" ("the Infringing Device"), which embodies the technology claimed in the '247 Patent.

22.     On information and belief, Defendant sells or offers for sale the Infringing Devices (under his alias) via Facebook and private Facebook groups.  An exemplary photograph of these is shown below:



23.     Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material

or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer. 35 U.S.C. § 271(c).

24.     These parts sold by Defendant are components of a patented apparatus, constituting a material part of the invention. The defendant knows that these are especially made or especially adapted for use in an infringement of the '247 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. 35 U.S.C. § 271(c).

25.     Whoever actively induces infringement of a patent shall be liable as an infringer. 35 U.S.C. § 271(b).

26.     Defendant instructs purchasers to assemble the Infringing Devices in a way that induces infringement the '247 Patent.

27.     The Infringing Devices also can operate in a "disconnector mode," which is much like that of a standard AR-15 trigger.  The user can switch between safe, standard semiautomatic with disconnector, and forced reset semiautomatic with cam modes by moving the safety selector laterally between positions.

28.     The user can move the cam between safe, standard disconnector semiautomatic mode, and forced reset semiautomatic mode.

29.     For the reasons explained in more specificity below, Defendant's Infringing Devices each infringe at least one claim of the '247 Patent and thus, Defendant is liable for patent infringement pursuant to 35 U.S.C. § 271(b) and/or (c).

30.     Upon information and belief, Defendant was aware his actions were infringing the '247 Patent, and as such the infringement is willful.

## COUNT I – INDIRECT INFRINGEMENT OF THE '247 PATENT

31.    The allegations set forth in paragraphs 1-30 are fully incorporated into this First Count for Relief.

32.    Upon information and belief, Defendant has and continues to willfully contributorily infringe and/or induce infringement of at least Claim 15 of the '247 Patent by making, using, selling, offering for sale, importing and/or providing and causing to be used without authority within the United States, Infringing Device.

33.    An exemplary comparison of the Infringing Device with claim 15 of the '247 Patent when assembled and used as intended is illustrated in the chart below:

| Claim Language | Infringing Device |
|---|---|
| 15. A firearm trigger mechanism comprising: | The Infringing Device is for a firearm, which has a lower receiver with a fire control pocket and assembly pin openings in side walls of the pocket. An AR-pattern firearm has a bolt carrier that reciprocates and pivotally displaces a hammer when cycled. |

<table>
<tr><td></td><td>

Bolt carrier</td></tr>
<tr><td>a hammer having a sear catch and a hook for engaging a disconnector and adapted to be mounted in a fire control mechanism pocket of a receiver to pivot on a transverse hammer pivot axis between set and released positions, said hammer adapted to be pivoted rearward by rearward movement of a bolt carrier,</td><td>The Infringing Device is installed in a fire control mechanism pocket of a receiver along with a hammer that has a sear catch and a hook for engaging a disconnector.



The hammer pivots on a transverse hammer pivot axis between set and released positions. The hammer is adapted to be pivoted rearward by rearward movement of a bolt carrier</td></tr>
</table>

<table>
<tr><td></td><td>

Hammer Set Position



Hammer Released position</td></tr>
<tr><td>a trigger member having a sear and adapted to be mounted in the fire control mechanism pocket to pivot on a transverse trigger member pivot axis between set and released positions,</td><td>The Infringing Device is installed with a trigger member in the fire control mechanism pocket that pivots on a transverse trigger member pivot axis between set and released positions and has a sear.



Trigger Member Set Position</td></tr>
</table>



Trigger Member Released Position

| | |
|---|---|
| wherein said sear and sear catch are in engagement in said set positions of said hammer and trigger member and are out of engagement in said released positions of said hammer and trigger member, | The sear and sear catch are in engagement when the hammer and trigger member are in their set positions.<br><br>Hammer and Trigger Member in Set Positions |
| said disconnector having a hook for engaging said hammer and adapted to be mounted in the fire control mechanism pocket to pivot on a transverse disconnector pivot axis, and | The disconnector is adapted to be mounted in the fire control mechanism pocket to pivot on a transverse disconnector pivot axis. The disconnector has a hook for engaging the hammer. |
| a cam having a cam lobe and adapted to be movably mounted in the fire control mechanism pocket, said cam being | The Infringing Device has a cam that is adapted to be movably mounted in the fire control mechanism pocket and includes a cam that has a cam lobe. |



| | |
|---|---|
| movable between a first position and a second position, in said second position said cam lobe forces said trigger member towards said set position, | The cam is movable between a first position and a second position. In the second position the cam lobe forces said trigger member towards the set position.  Cam Lobe First Position  Cam Lobe Second Position |
| whereupon in a standard semi-automatic mode, said cam is in said first position, rearward movement of the bolt carrier causes rearward pivoting of said hammer such that said disconnector hook catches said hammer hook, and thereafter the bolt carrier moves forward into battery, at which time a user must manually release said trigger member to free said hammer from said disconnector to permit said hammer and trigger member to pivot to said set | In the standard semi-automatic mode, the cam is in a first position. Rearward movement of the bolt carrier causes rearward pivoting of the hammer such that the disconnector hook catches said hammer hook. |

| | |
|---|---|
| positions so that the user can pull said trigger member to fire the firearm, and |  |
| | Thereafter, the bolt carrier moves forward into battery, at which time a user must manually release the trigger member to free said hammer from the disconnector to permit the hammer and trigger member to pivot to the set positions so that the user can pull said trigger member to fire the firearm.  |
| whereupon in a forced reset semi-automatic mode, said cam is in said second position, rearward movement of the bolt carrier causes rearward pivoting of said hammer such that said disconnector hook is prevented from catching said hammer hook, and thereafter the bolt carrier moves forward into battery, at which time the user can pull said trigger member to fire the firearm. | When in the forced reset semi-automatic mode, the cam is moved laterally to a second position.<br><br>Rearward movement of the bolt carrier causes rearward pivoting of the hammer such that the disconnector hook doesn't catch the hammer hook. |

COMPLAINT - 12 -



Thereafter, the bolt carrier moves forward into battery, at which time the user can pull said trigger member to fire the firearm.

34. When assembled as intended and instructed by the Defendant, the working components of the Infringing Device provide a component of a patented combination, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, which is the legal standard for contributory infringement.

35. The Defendant instructs its customers to assemble the components it sells into an infringing combination of parts. Thus, Defendant actively contributes to and induces infringement of the '247 Patent.

36. Accordingly, Defendant's sale and/or offer to sell the Infringing Device is infringement under 35 U.S.C. § 271(b) and/or (c).

37. Accordingly, the Defendant's making, using, selling, offering for sale, and/or importing of the Infringing Devices is an indirect infringement of the '247 Patent.

38. Defendant's acts of infringement are willful and for no other purpose than to deliberately and irreparably harm Plaintiffs' business, sales, reputation, and good-will.

39. Plaintiffs have been substantially harmed by Defendant's infringing activities and are entitled to relief including but not limited to a preliminary injunction, a permanent injunction, damages adequate to compensate for the infringement, being lost profits or no less than a reasonable royalty, treble damages, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a. A judgment in favor of Plaintiffs that Defendant has infringed the '247 Patent;

b. A preliminary injunction enjoining Defendant and its principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '247 Patent during the pendency of this case, or other such equitable relief as the Court determines is warranted;

c. A permanent injunction enjoining Defendant and its principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '247 Patent, or other such equitable relief as the Court determines is warranted;

d.      A judgment and order requiring Defendant to pay to Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '247 Patent as provided under 35 U.S.C. § 284, and an accounting of any ongoing post-judgment infringement; and

e.      Any and all other relief, at law or equity, to which Plaintiffs may show themselves to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

DATED: June 23, 2025

Respectfully submitted,

ABC IP, LLC and RARE BREED TRIGGERS, INC.

By their attorneys,

MOCKBEE ELLIS, P.A.

By: _____
DAVID B. ELLIS, MSB #102926
Local Counsel

MOCKBEE ELLIS, P.A.
125 S. Congress Street, Ste. 1820
Jackson, MS  39201
Tel: (601) 353-0035
Fax: (601) 353-0045
Email:  dellis@mhdlaw.com

COMPLAINT - 15 -

Glenn D. Bellamy (Ohio Bar No. 0070321)
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

**Attorneys for Plaintiffs**