IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| ABC IP, LLC, a Delaware limited liability company, | ) ) ) | CASE NO. 3:25-CV-00454- CWR-ASH |
| and | ) ) | |
| RARE BREED TRIGGERS, INC., a Texas corporation, | ) ) ) | SOUTHERN DISTRICT OF MISSISSIPPI<br>FILED<br>MAY 28 2026<br>ARTHUR JOHNSTON<br>BY_____ DEPUTY |
| Plaintiffs. | ) ) ) | |
| v. | ) ) | |
| Jesse T. Kline, an individual, | ) ) ) | |
| Defendant. | ) | |

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

---

## INTRODUCTION

This is a patent infringement case in which Plaintiffs continue attempting to expand the litigation through newly issued patents despite failing to identify new operative facts supporting actionable infringement. On January 16, 2026, Plaintiffs moved for leave under Fed. R. Civ. P. 15(a)(2) to file a First Amended Complaint asserting infringement of U.S. Patent No. 12,031,784 ("'784 Patent"). The Court has not ruled on that motion. On March 24, 2026, Plaintiffs moved for leave to file a Second Amended Complaint asserting infringement of U.S. Patent Nos. 12,529,538 ("'538 Patent") and 12,578,159 ("'159 Patent"). Those motions likewise remain pending. Plaintiffs now seek leave to file a Third Amended Complaint asserting infringement of U.S. Patent No. 12,636,403 ("'403 Patent"), which issued on May 26, 2026. But the mere

1

issuance of an additional patent does not itself create a plausible infringement claim under Rule 15 or Rule 8. Plaintiffs must still allege non-conclusory facts plausibly showing actionable conduct occurring after issuance of the newly asserted patent.

Notably, unlike Plaintiffs' earlier amendment motions, the present motion does not even attempt to tether the '403 Patent to a specific factual allegation attributable to Defendant. Earlier amendment motions repeatedly relied upon a May 2, 2024 Facebook post. As a matter of law, conduct occurring two years before issuance of a patent cannot constitute infringement of that patent. See *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996) ("There can be no infringement of a patent that has not yet issued."). The present motion omits that allegation entirely and instead relies almost exclusively on generalized assertions that the '403 Patent purportedly covers the "same Accused Product" and "same underlying technology already at issue."

That is insufficient. Generalized technological overlap is not a substitute for factual allegations plausibly showing actionable infringement of the newly asserted patent. Plaintiffs identify no specific post-issuance act, transaction, offer for sale, distribution, or other conduct attributable to Defendant that could plausibly support infringement of the '403 Patent. Instead, the proposed amendment attempts to extend newly acquired patent rights onto historical allegations predating issuance of the asserted patent. Because Plaintiffs fail to allege a plausible factual basis supporting infringement of the '403 Patent, amendment would be futile and leave should be denied.

2

## BACKGROUND

Plaintiffs initiated this action on June 23, 2025, asserting infringement of U.S. Patent No. 12,038,247 ("'247 Patent") based primarily on allegations concerning a May 2, 2024 Facebook post relating to a "Super Safety" device. *See* Dkt. 1 ¶¶ 21–39.  An exemplary image associated with the alleged conduct, repeatedly relied upon in Plaintiffs' original Complaint and prior amendment motions, is reproduced below:

***The Accused Conduct***: See Compl. ¶ 22, *ABC IP, LLC v. Kline*, No. 3:25-cv-00454-CWR-ASH (S.D. Miss. June 23, 2025) (Plaintiffs' image of the "Super Safety" device on May 2, 2024).



3

On October 14, 2025, Defendant moved to dismiss the Complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process. Dkt. 9. Two days later, the Court entered a text order staying discovery pending resolution of Defendant's motion. Discovery remains stayed, no scheduling order has issued, and the case has not progressed beyond threshold motion practice.

Since filing the original Complaint, Plaintiffs have repeatedly sought to expand this action through newly issued patents while continuing to rely on substantially the same underlying factual allegations. On January 16, 2026, Plaintiffs moved for leave to file a First Amended Complaint asserting infringement of U.S. Patent No. 12,031,784 ("'784 Patent"). Dkt. 24. On March 24, 2026, Plaintiffs moved for leave to file a Second Amended Complaint asserting infringement of U.S. Patent Nos. 12,529,538 ("'538 Patent") and 12,578,159 ("'159 Patent"). Dkt. 32. The Court has not ruled on either motion.

Plaintiffs now seek leave to file a Third Amended Complaint asserting infringement of U.S. Patent No. 12,636,403 ("'403 Patent"), which issued on May 26, 2026. Unlike Plaintiffs' earlier amendment motions, however, the present motion does not even attempt to tether the '403 Patent to a specific factual allegation attributable to Defendant. Earlier amendment motions repeatedly referenced the May 2, 2024 Facebook post. The present motion omits that allegation entirely and instead relies almost exclusively on generalized assertions that the '403 Patent purportedly covers the "same Accused Product" and "same underlying technology already at issue." Even assuming that were true, it is wholly insufficient. Plaintiffs identify no allegation that Defendant offered the "Accused Product" for sale after issuance of the '403 Patent, nor can they plausibly do so, as Defendant ceased offering the accused products for sale well before

issuance of the '403 Patent.  To the contrary, the alleged conduct repeatedly relied upon throughout this litigation substantially predates the issuance of the newly asserted patent.

Plaintiffs identify no specific post-issuance act, transaction, offer for sale, distribution, or other conduct attributable to Defendant that could plausibly support infringement of the '403 Patent.  Stated differently, even accepting Plaintiffs' factual allegation as true, the amendment is fruitless because the facts alleged do not constitute infringement of the '403 Patent.  Instead, Plaintiffs seek to expand the litigation primarily on the issuance of additional patent rights, rather than on newly alleged conduct.  The proposed amendment therefore fails to plausibly allege actionable post-issuance infringement and should be denied as futile.

## LEGAL STANDARD

After the period for amendment as of right expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave should be "freely give[n] when justice so requires," amendment is not automatic. Leave may properly be denied for reasons including futility, undue delay, bad faith, repeated failure to cure deficiencies, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  An amendment is futile where the proposed pleading would fail to state a plausible claim for relief under the standards governing Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Accordingly, a proposed amended complaint must contain sufficient factual allegations to state a claim that is plausible on its face, not merely conceivable or conclusory. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  While Rule 15 embodies a liberal amendment standard before entry of a scheduling order, that standard does not permit amendment based solely on newly acquired legal theories unsupported by plausible factual allegations.  Plaintiffs must still allege non-

conclusory facts plausibly showing actionable infringement of the newly asserted patent.  Where a proposed amendment attempts to extend newly issued patent rights onto historical fixed allegations predating issuance of the asserted patent, without identifying actionable post-issuance conduct, the amendment is properly denied as futile.

## ARGUMENT

### A.    Leave to Amend Should Be Denied Under Rule 15(a)(2)

Although Rule 15(a)(2) provides that leave to amend should be "freely give[n] when justice so requires," leave is properly denied where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, Plaintiffs fail to plausibly allege actionable post-issuance conduct supporting infringement of the newly asserted '403 Patent.  Instead, Plaintiffs rely primarily on generalized assertions concerning the same accused product and underlying technology while omitting any specific factual allegations plausibly showing infringement occurring after issuance of the '403 Patent. Because the proposed amendment fails to state a plausible claim for relief, leave to amend should be denied as futile.

***Undue Delay Through Repeated Expansion.***   Plaintiffs likewise fail to demonstrate the absence of undue delay or prejudice.  While the '403 Patent itself issued on May 26, 2026, the relevant inquiry is not limited to the issuance date of the patent alone.  Plaintiffs have repeatedly sought to expand this litigation through serial amendment requests while the case remains stayed, threshold motions remain unresolved, and no court has yet determined whether this action may properly proceed against Defendant at all.

More importantly, Plaintiffs still fail to identify any newly alleged operative conduct supporting infringement of the '403 Patent.  Instead, Plaintiffs rely on the same generalized allegations concerning the same accused product and underlying technology already repeatedly

asserted throughout this litigation. The present motion therefore does not arise from newly discovered factual developments, but from the acquisition of additional patent rights layered onto substantially unchanged historical allegations.

Rule 15 does not authorize perpetual expansion of litigation each time a related patent issues absent plausible factual allegations supporting actionable infringement of the newly asserted patent. Plaintiffs' motion identifies no specific post-issuance act, transaction, offer for sale, distribution, or other conduct attributable to Defendant that could plausibly support infringement of the '403 Patent. Under these circumstances, repeated amendment imposes continuing burden and prejudice without corresponding factual development justifying further expansion of the case.

***Futility of the Proposed Amendment.*** Plaintiffs contend the proposed Third Amended Complaint is not futile because it purportedly alleges infringement through "specific factual allegations and claim charts." But the issue is not whether Plaintiffs attached claim charts or repeated conclusory infringement assertions. The issue is whether Plaintiffs plausibly allege actionable conduct supporting infringement of the newly asserted '403 Patent. They do not.

Notably, Plaintiffs' present motion abandons the very factual allegation repeatedly relied upon throughout this litigation. Plaintiffs' original Complaint, First Amendment request, and Second Amendment request repeatedly referenced and relied upon an alleged May 2, 2024 Facebook post, including an exemplary image associated with that conduct. Yet after Defendant specifically raised the temporal and legal deficiencies associated with relying on pre-issuance conduct to support newly issued patents, Plaintiffs omitted that allegation entirely from the present motion.

7

That omission is significant. The May 2, 2024 allegation predates issuance of the '403 Patent by more than two years and therefore cannot itself constitute infringement of that patent as a matter of law. "There can be no infringement of a patent that has not yet issued." See *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996). The same temporal defect likewise applied to several patents Plaintiffs previously sought to assert, including U.S. Patent Nos. 12,038,247 (issued July 16, 2024), 12,031,784 (issued July 9, 2024), 12,529,538 (issued January 20, 2026), and 12,578,159 (issued February 26, 2026), all of which issued after the May 2, 2024 allegation repeatedly relied upon throughout this litigation. Plaintiffs' decision to abandon that allegation in the present motion, after Defendant specifically identified the legal deficiencies inherent in relying on pre-issuance conduct, strongly underscores the absence of any identifiable post-issuance conduct plausibly supporting infringement of the newly asserted '403 Patent.

Instead, Plaintiffs now rely almost exclusively on generalized assertions concerning the "same accused product" and "same underlying technology." But technological overlap alone does not plausibly establish infringement of a newly issued patent. Rule 15 still requires plausible factual allegations identifying actionable conduct attributable to Defendant. Plaintiffs identify no specific post-issuance act, transaction, offer for sale, distribution, or other conduct supporting infringement of the '403 Patent. Plaintiffs cannot bootstrap newly issued patent rights onto historical stale allegations while omitting the very conduct they previously relied upon once its legal deficiencies were identified. Because the proposed amendment fails to plausibly allege actionable infringement of the '403 Patent, the amendment would be futile and leave should be denied.

8

***Tactical Expansion and Bad Faith.***  Plaintiffs contend the proposed amendment is not brought in bad faith because it merely seeks to assert "related claims based on recently issued patents." But Defendant's opposition does not rest on the mere fact that the patents are newly issued. Rather, the concern is that Plaintiffs repeatedly seek to expand this litigation through serial amendment requests while relying on substantially unchanged historical allegations and without identifying newly alleged actionable conduct plausibly supporting infringement of the newly asserted patents.

That concern is particularly significant here. Plaintiffs previously relied throughout this litigation on a May 2, 2024 allegation and associated exemplary image in support of earlier patent assertions. Yet after Defendant specifically identified the legal deficiencies inherent in relying on pre-issuance conduct to support subsequently issued patents, Plaintiffs omitted that allegation entirely from the present motion. At the same time, Plaintiffs still fail to identify any specific post-issuance act, transaction, offer for sale, distribution, or other conduct plausibly supporting infringement of the '403 Patent.

Under these circumstances, the repeated addition of newly issued patents without corresponding new factual allegations reasonably raises concerns regarding tactical expansion of the litigation rather than legitimate factual development. While Defendant recognizes Rule 15's liberal amendment standard, that standard does not authorize perpetual enlargement of the case through serial patent assertions unsupported by newly alleged actionable conduct.

***Undue Prejudice and Continuing Burden.***  Plaintiffs contend there is no undue prejudice because discovery has not begun, and the '403 Patent purportedly concerns the same underlying technology and accused product already at issue. But that argument ignores the actual source of the prejudice. Defendant's opposition does not rest on the existence of

9

additional discovery obligations alone. Rather, the prejudice arises from Plaintiffs' repeated efforts to serially expand the scope of this litigation through newly issued patents while relying on substantially unchanged historical allegations and without identifying newly alleged actionable conduct. Although discovery remains stayed and no scheduling order has issued, Defendant has already incurred substantial burden responding to an expanding series of amendment requests, each introducing additional patents, additional claim theories, additional claim charts, and additional legal complexity into a case that remains confined to unresolved threshold issues. Plaintiffs' proposed amendment would further enlarge the scope of the litigation despite the absence of any newly identified operative facts plausibly supporting infringement of the '403 Patent.

The absence of active discovery does not eliminate prejudice under these circumstances. To the contrary, Plaintiffs seek to repeatedly broaden the litigation before any court has determined whether this action may properly proceed against Defendant at all. Allowing serial amendment under these circumstances forces Defendant to continually respond to evolving patent theories untethered to newly alleged conduct while dispositive jurisdictional and service-related motions remain unresolved. Moreover, Plaintiffs' own conduct underscores the prejudice inherent in the proposed amendment. Plaintiffs previously relied throughout this litigation on the May 2, 2024 allegation and associated exemplary image, yet omitted that allegation from the present motion after Defendant identified the legal deficiencies associated with relying on pre-issuance conduct to support newly issued patents. Plaintiffs nevertheless seek to continue expanding the litigation without identifying any specific post-issuance conduct plausibly supporting infringement of the '403 Patent.

10

Under these circumstances, the proposed amendment would impose a continuing burden, increase litigation complexity, and cause substantial prejudice without any corresponding factual development justifying further expansion of the case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' proposed Third Amended Complaint should be **DENIED**. Although Rule 15 embodies a liberal amendment standard, that standard does not permit serial expansion of litigation through newly issued patents unsupported by plausible factual allegations of actionable infringement. Plaintiffs identify no specific post-issuance act, transaction, offer for sale, distribution, or other conduct plausibly supporting infringement of the '403 Patent. Instead, Plaintiffs rely primarily on generalized assertions concerning the same accused product and underlying technology already at issue while omitting the very historical allegation and exemplary image repeatedly relied upon throughout Plaintiffs' original Complaint and prior amendment requests. That omission is significant and underscores the absence of any newly alleged actionable conduct to support the proposed amendment.

The proposed amendment would further expand the scope and complexity of this litigation despite the continued absence of discovery, the lack of a scheduling order, and the pendency of unresolved threshold motions concerning personal jurisdiction, sufficiency of process, and sufficiency of service of process. Under these circumstances, the proposed amendment would impose a continuing burden and prejudice without any corresponding factual development to justify further expansion of the case. Because Plaintiffs fail to plausibly allege actionable infringement of the '403 Patent, the proposed amendment is futile under Rule 15 and should be denied. Accordingly, Defendant respectfully requests that the Court **DENY** Plaintiffs'

11

Motion for Leave to File the proposed Third Amended Complaint and grant such other and

further relief as the Court deems just and proper.

Respectfully submitted,

Jesse T. Kline          05/28/2026

Jesse T. Kline
Defendant, *Pro Se*
P.O. Box 106
Mendota IL, 61342
Jkline05191986@proton.me
(385) 402-0716