**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs / Counterclaim Defendants,<br><br>v.<br><br>JESSE T. KLINE,<br><br>Defendant / Counterclaim Plaintiff. | Civil Action No. 4:26-cv-00958-ALM<br><br>**JURY TRAIL DEMANDED** |

**COUNTERCLAIM-DEFENDANTS' ANSWER TO COUNTERCLAIMS-PLAINTIFFS' COUNTERCLAIMS TO THIRD AMENDED COMPLAINT**

Plaintiffs and Counterclaim-Defendants ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively the "Counterclaim-Defendants"), by and through their attorneys, hereby answer the Counterclaims of Defendant and Counterclaimant Jesse T. Kline ("Kline" or "Counterclaimant") as follows:

## PARTIES

1. Counterclaim-Defendants admit the allegations in Paragraph 1.

2. Counterclaim-Defendants admit the allegations in Paragraph 2.

3. Counterclaim-Defendants admit the allegations in Paragraph 3.

## JURISDICTION

4. Counterclaim-Defendants admit the allegations in Paragraph 4.

5. Solely for the purposes of this action, Counterclaim-Defendants admit the allegations in Paragraph 5.

## BACKGROUND

6. Counterclaim-Defendants admit the allegations in Paragraph 6.

7. Counterclaim-Defendants admit the allegations in Paragraph 7.

8. Solely for the purposes of this action, Counterclaim-Defendants admit the allegations in Paragraph 8.

## COUNT I
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE ’247 PATENT

9. Counterclaim-Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

### Prosecution of the ’247 Patent

10. Counterclaim-Defendants admit the allegations in Paragraph 10.

11. Counterclaim-Defendants admit the allegations in Paragraph 11.

12. Counterclaim-Defendants deny the allegations in Paragraph 12.

13. Counterclaim-Defendants deny the allegations in Paragraph 13.

14. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 14 speak for themselves but deny any other allegation in Paragraph 14.

15. Counterclaim-Defendants admit the allegations in Paragraph 15 to the extent they are consistent with 37 C.F.R. § 1.56 but deny any other allegation in Paragraph 15.

16. Counterclaim-Defendants admit the allegations in Paragraph 16.

17. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 17 speak for themselves but deny any other allegation in Paragraph 17.

18. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 18 speak for themselves but deny any other allegation in Paragraph 18.

19. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 19 speak for themselves but deny any other allegation in Paragraph 19.

20. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 20 speak for themselves but deny any other allegation in Paragraph 20.

21. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 21 speak for themselves but deny any other allegation in Paragraph 21.

22. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 22 speak for themselves but deny any other allegation in Paragraph 22.

23. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 23 speak for themselves but deny any other allegation in Paragraph 23.

24. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 24 speak for themselves but deny any other allegation in Paragraph 24.

25. Counterclaim-Defendants deny the allegations in Paragraph 25.

## Tommy Triggers FRT-15-3MD Prior Art

26. Counterclaim-Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim-Defendants deny any other allegation in Paragraph 26.

27. Counterclaim-Defendants lack information or knowledge necessary to either admit or deny the allegations in Paragraph 27, and therefore deny the allegations in Paragraph 27.

28. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 28 speak for themselves but deny any other allegation in Paragraph 28.

29. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 29 speak for themselves but deny any other allegation in Paragraph 29.

30. Counterclaim-Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim-Defendants deny any other allegation in Paragraph 30.

31. Counterclaim-Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim-Defendants deny any other allegation in Paragraph 31.

32. Counterclaim-Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and

completely discloses the structure and operation of the FRT-15-3MD. Counterclaim-Defendants deny any other allegation in Paragraph 32.

33. Counterclaim-Defendants assert that the patent that claimed priority to this provisional application was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim-Defendants deny any other allegation in Paragraph 33.

34. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 34 speak for themselves but deny any other allegation in Paragraph 34.

35. Counterclaim-Defendants acknowledge that the referenced documents speak for themselves but deny that any relevant disclosure was missing from the cited prior art and any other allegation in Paragraph 35.

36. Counterclaim-Defendants acknowledge that the referenced documents speak for themselves but deny that any relevant disclosure was missing from the cited prior art and any other allegation in Paragraph 36.

37. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 37 speak for themselves but deny any other allegation in Paragraph 37.

38. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 38 speak for themselves but deny any other allegation in Paragraph 38.

39. Counterclaim-Defendants deny the allegations in Paragraph 39.

40. Counterclaim-Defendants deny the allegations in Paragraph 40 and state that the Examiner was aware of the structure and operation of the FRT-15-3MD as prior art and found the claims patentable.

41. Counterclaim-Defendants deny the allegations in Paragraph 40 and state that the Examiner was aware of the structure and operation of the FRT-15-3MD as prior art and found the claims patentable.

42. Counterclaim-Defendants deny the allegations in Paragraph 42. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

43. Counterclaim-Defendants deny the allegations in Paragraph 43 and state that the Information Disclosure Statement filed in the ’225 Application was on behalf of all parties who had a duty of disclosure.

44. Counterclaim-Defendants deny the allegations in Paragraph 44.

45. Counterclaim-Defendants admit that *Rare Breed Triggers, LLC v. Strbac*, Case No. 1:22-cv-280 (N.D. Ohio) was dismissed in October 2022 and state that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim-Defendants deny any other allegation in Paragraph 45.

46. Counterclaim-Defendants deny the allegations in Paragraph 46.

**Rare Breed FRT-15E3 Prior Art**

47. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 47 speak for themselves but deny any other allegation in Paragraph 47.

48. Counterclaim-Defendants deny that the referenced video confirmed details about the FRT-15E3.

49. Counterclaim-Defendants deny that an enabling disclosure of the FRT-15E3 was made to the public before the effective filing date of the '225 Application.

50. Counterclaim-Defendants deny the allegations in Paragraph 50.

51. Counterclaim-Defendants deny the allegations in Paragraph 51.

52. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 52 speak for themselves but deny any other allegation in Paragraph 52.

53. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 53 speak for themselves but deny any other allegation in Paragraph 53.

54. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 54 speak for themselves but deny any other allegation in Paragraph 54.

55. Counterclaim-Defendants deny the allegations in Paragraph 55.

56. Counterclaim-Defendants deny the allegations in Paragraph 56.

57. Counterclaim-Defendants deny the allegations in Paragraph 57.

58. Counterclaim-Defendants deny the allegations in Paragraph 58 and deny that the FRT-15E3 is prior art.

59. Counterclaim-Defendants deny the allegations in Paragraph 59 and deny that the FRT-15E3 is prior art.

60. Counterclaim-Defendants acknowledge that the referenced documents speak for themselves but deny that the FRT-15E3 was prior art and the remaining allegations in Paragraph 60.

61. Counterclaim-Defendants deny the allegations in Paragraph 61.

**The ’247 Patent is Unenforceable**

62. Counterclaim-Defendants deny the allegations in Paragraph 62.

63. Counterclaim-Defendants admit that Defendant requests a declaration of unenforceability but deny that Counterclaim Plaintiffs are entitled to such relief.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’247 PATENT**

64. Counterclaim-Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

65. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 65 speak for themselves but deny any other allegation in Paragraph 65.

66. Counterclaim-Defendants admit the allegations in Paragraph 66.

67. Counterclaim-Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was fully disclosed to and considered by the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim-Defendants deny any other allegation in Paragraph 67.

68. Counterclaim-Defendants deny the allegations in Paragraph 68.

69. Counterclaim-Defendants admit the allegations in Paragraph 69.

70. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 70 speak for themselves but deny any other allegation in Paragraph 70.

71. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 71 speak for themselves but deny any other allegation in Paragraph 71.

72. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 72 speak for themselves but deny any other allegation in Paragraph 72.

73. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 73 speak for themselves but deny any other allegation in Paragraph 73.

74. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 74 speak for themselves but deny any other allegation in Paragraph 74.

75. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 75 speak for themselves but deny any other allegation in Paragraph 75.

76. Counterclaim-Defendants acknowledge that the documents referenced in Paragraph 76 speak for themselves but deny any other allegation in Paragraph 76.

77. Counterclaim-Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim-Defendants deny any other allegation in Paragraph 77.

78. Counterclaim-Defendants deny the allegations in Paragraph 78.

79. Counterclaim-Defendants acknowledge that the referenced documents speak for themselves and assert that the structure and operation of the Tommy Triggers FRT-15-3MD was

disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim-Defendants deny any other allegation in Paragraph 79.

80. Counterclaim-Defendants deny the allegations in Paragraph 80.

81. Counterclaim-Defendants admit that Defendant requests a declaration from this Court but deny that Counterclaim Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), and without admitting or acknowledging that it bears the burden of proof as to any of them, ABC and Rare Breed assert the following affirmative defenses to Defendant’s/Counterclaimant’s Counterclaims.

1. The Counterclaims fail to state a claim upon which relief can be granted.

2. Defendant’s Counterclaims fail in whole or in part under principles of equity, including, without limitation, because of Defendant’s unclean hands and acts done in bad faith.

## RESERVATION OF RIGHTS

In asserting these defenses, Counterclaim-Defendants have not knowingly or intentionally waived any applicable defenses. Counterclaim-Defendants reserve the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action, including discovery. Counterclaim-Defendants reserve the right to amend or seek to amend their answer or affirmative defenses.

## PRAYER FOR RELIEF

ABC and Rare Breed deny that Counterclaimant is entitled to any of the relief requested and also deny that such requested relief could properly be granted to Counterclaimant. ABC and

Rare Breed request that the Court dismiss and/or deny any relief for any of the asserted Counterclaims.

## GENERAL DENIAL

Except as expressly admitted herein, Counterclaim-Defendants deny each and every allegation set forth in Counterclaimants' Counterclaims.

DATED: September 15, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs/Counterclaim-Defendants*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 15, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin