**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: RARE BREED TRIGGERS PATENT LITIGATION | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, et al.,<br>Plaintiffs,<br>v.<br>JESSE T. KLINE,<br>Defendant. | Civil Action No. 4:26-cv-00958-ALM |
| ABC IP, LLC, et al.,<br>Plaintiffs,<br>v.<br>JON FAULKNER, an individual, d/b/a FIREARMS DEPOT,<br>Defendant. | Civil Action No. 4:26-cv-00847-ALM |

**REPLY IN SUPPORT OF OPPOSED MOTIONS TO WITHDRAW AS COUNSEL FOR DEFENDANTS JESSE T. KLINE AND JON FAULKNER**

**INTRODUCTION**

Plaintiffs' response (Faulkner Dkt. #22; Kline Dkt. #51) ("Resp.") concedes the points that decide the motions to withdraw filed by attorneys John M. Skeriotis and Sergey Vernyuk of Emerson, Thomson & Bennett, LLC ("ETB") (Kline Dkt. #50; Faulkner Dkt. #21). Plaintiffs "take no position on who represents Mr. Kline or Mr. Faulkner," "do not dispute that each may represent himself," and "do not contend that an individual must keep counsel he has discharged." (Resp. at 2.) They ask instead that the Court deny withdrawal "unless and until" two individual defendants file a set of notices, consents, and acknowledgments. (*Id.* at 2, 5–6.) No rule or order makes those filings a precondition to withdrawal. The Federal Rules, the Local Rules, and this Court's MDL orders already govern each subject Plaintiffs raise, and they apply to a *pro se* party by their own force. The motions should be granted.

## II. <u>ARGUMENT</u>

### A. <u>Plaintiffs Identify No Disruption That Withdrawal Would Cause.</u>

The inquiry is whether withdrawal will disrupt the case. *United States ex rel. Proctor v. Next Health LLC*, 652 F. Supp. 3d 788, 793 (E.D. Tex. 2023). Plaintiffs identify no deadline, hearing, or pending motion that withdrawal would affect, and they do not dispute that both cases remain at an early stage. (*See* Kline Dkt. #50 at 4; Faulkner Dkt. #21 at 4.) They point only to the ordinary incidents of litigating against a self-represented party, and each is already covered.

### B. <u>The Rules and the Court's Orders Already Govern Each Subject Plaintiffs Raise.</u>

**Service.** Plaintiffs say withdrawal would leave these defendants with "no stated way to be served." (Resp. at 2.) But Plaintiffs pleaded an address for each defendant, and each admitted it. (Kline Dkt. #1 ¶ 3; Kline Dkt. #46 ¶ 3; Faulkner Dkt. #1 ¶ 3; Faulkner Dkt. #15 ¶ 3.) Rule 5 authorizes service by mail to a last known address, Fed. R. Civ. P. 5(b)(2)(C), and Local Rule CV-11(d) requires every *pro se* litigant to give the Court a physical address and keep it current. Electronic service is different: it requires a registered user or written consent. Fed. R. Civ. P. 5(b)(2)(E). The Local Rules likewise exempt *pro se* filings from electronic filing, permit but do not require *pro se* registration as a Filing User, and leave to service by mail those who have not "consented in writing to receiving service by electronic means." L.R. CV-5(a)(1)(B), (a)(2)(B), (d). Plaintiffs would convert a choice the Rules give the self-represented party into the price of his former counsel's release.

**Coordination.** The Initial Case Management Order already provides for self-represented defendants: common communications go to Defendants' Leadership Counsel, who "shall be responsible for distributing them to other Defendants' counsel and pro se defendants." (MDL Dkt. #79 at 2.) Plaintiffs say that channel works only if leadership "has a current address for each

pro se defendant." (Resp. at 4.) It does. Undersigned counsel is one of Defendants' Leadership Counsel, has current contact information for both defendants, and will distribute common communications to them as the order requires.

**Protected material.** The Protective Order operates by its own terms. As Plaintiffs describe it, an individual may receive CONFIDENTIAL material only after signing Exhibit A and providing it to the producing party, and may not receive ATTORNEYS' EYES ONLY material at all. (Resp. at 4 (citing MDL Dkt. #76 §§ VIII(b)(iii), IX(b)).) Signing Exhibit A is thus a condition of access, not of withdrawal: until a defendant signs it, no party may disclose CONFIDENTIAL material to him. Withdrawal changes none of this. Nor is a written acknowledgment of the Court's orders needed. Orders bind parties because the Court entered them, and Plaintiffs cite no order requiring any party to file one.

**Compliance.** Plaintiffs' fourth condition is a notice "agreeing to be held to the same rules and standards as are counsel for all other parties." (Resp. at 5.) The law already sets the standard, and it is not Plaintiffs'. A self-represented party is not exempt from the rules of procedure and the Local Rules themselves treat *pro se* litigants differently from counsel. *See* L.R. CV-5(a)(1)(B); CV-7(i). Nothing requires a litigant to waive those rules in advance as the price of exercising his right under 28 U.S.C. § 1654. Plaintiffs' account of Mr. Kline's earlier *pro se* litigation elsewhere (Resp. at 4) does not concern Mr. Faulkner, and as to Mr. Kline it has been overtaken: he has answered. (Kline Dkt. #46.) If any party disregards a rule or order, the Court has ample means to respond. *See* Fed. R. Civ. P. 16(f), 37(b).

**C. <u>Plaintiffs' Proposed Order Is Unsupported and Unworkable.</u>**

*Next Health* does not support Plaintiffs' conditions. There, withdrawal left a corporation, which cannot appear *pro se*, without counsel, and the court still granted it rather than see counsel

"drawn into the whirlpool of ethical jeopardy." 652 F. Supp. 3d at 795–96. The conditions ran to counsel, who had to serve the order on the client's registered agent and file proof of service, and withdrawal took effect unless the client objected within thirty days. *Id.* Plaintiffs propose the reverse: ETB would remain counsel of record until two former clients who have discharged it choose to file four sets of papers. (Resp. at 5.) Rule 1.16(c) lets a tribunal order a lawyer to continue a representation, but Plaintiffs do not ask that ETB represent anyone; they ask that ETB be held in place until its former clients act. That would give the clients' inaction a veto over a withdrawal the disciplinary rules otherwise require. Tex. Disciplinary R. Prof'l Conduct 1.16(a)(3) & cmt. 4. And because a represented party is served through his attorney, Fed. R. Civ. P. 5(b)(1), it would make ETB the indefinite agent for service of individuals for whom it may no longer speak.

Nor did this Court require any such filings of the individual defendant it allowed to proceed *pro se* in *United States v. Commercial Recovery Systems, Inc.*, No. 4:15-CV-00036-ALM, 2016 WL 9245361, at *2 (E.D. Tex. Apr. 15, 2016).

### D. <u>ETB Does Not Oppose Conditions That Do Not Depend on Its Former Clients.</u>

Local Rule CV-11(c) permits withdrawal "under conditions imposed by the court." ETB does not oppose an order that (1) directs ETB to serve the order on each defendant and file proof of service, as in *Next Health*; (2) reminds each defendant of his obligations under Local Rule CV-11(d) and his duty to comply with the Federal Rules, the Local Rules, and the Court's orders; and (3) advises each defendant, as Plaintiffs suggest (Resp. at 4), that the Protective Order does not permit a self-represented party to receive ATTORNEYS' EYES ONLY material.

ETB has also forwarded Plaintiffs' requests to both defendants. If either elects to provide the requested information, ETB will file it promptly.

## **CONCLUSION**

ETB respectfully requests that the Court grant the motions.

Dated: November 23, 2026

Respectfully submitted,

*/s/ John M. Skeriotis*
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile

*Withdrawing Counsel for Defendants*
*Jesse T. Kline and Jon Faulkner*
*d/b/a Firearms Depot*